**APOLLO DISTRIBUTING COMPANY**

v.

**JERRY KURTZ CARPET CO., et al.**

**Civ. A. No. 87–643.**

United States District Court,
D. New Jersey.

April 14, 1988.

---

Roy H. Wepner, Lerner, David, Littenberg, Krumholz & Mentlik, Westfield, N.J., for plaintiff Apollo Distributing Co.

Peter G. Banta, Winne, Banta, Rizzi, Hetherington & Basralian, Hackensack, N.J., for defendants Jerry Kurtz Carpet Co., Michael Halebian, Eugene Pettersson and Aladdin Carpet Mills, Inc.

## LETTER OPINION

POLITAN, District Judge.

Counsel:

This case comes before the court on plaintiff's motion for summary judgment as to liability and for injunctive relief. For the reasons outlined herein, the motion is granted.

Both plaintiff and defendants in this case are involved in the distributorship and sale of carpets, rugs and related services. Plaintiff is the owner of two incontestable federal trademarks for the service mark APOLLO; one as applied to distributorship services in the carpeting field, and the other in connection with fine textured carpets. Plaintiff is the successor in interest to a trademark registration initially obtained by E.T. Barwick Mills, Inc. for the trademark APOLLO as applied to fine textured carpets, U.S. Trademark Registration No. 664,810. Plaintiff obtained the rights to that trademark by assignment in 1973. Plaintiff's servicemark registration number 977,530 for APOLLO as applied to fine textured carpets was obtained in 1974, and is equally incontestable.

Beginning in October, 1986, defendants began utilizing the marks APOLLO, APOLLO 16, and APOLLO 20 in connection with the sale of carpet. Plaintiff has demanded that defendants cease and desist from using the mark APOLLO but apparently, defendants have not done so to plaintiff's satisfaction.

In short, notwithstanding plaintiff's incontestable federal registrations, the validity of which has not been challenged, defendants are using the exact same mark on the exact same goods and services, in the same channels of trade, such that confusion between the goods and services of the respective parties is not only likely, but inevitable as a matter of law. Accordingly, plaintiff is entitled to summary judgment on the issue of liability, a permanent injunction preventing defendants from continuing to use the mark APOLLO in connection with the carpet or carpet service industry, and a hearing to be held at a later date to determine damages.

## SUMMARY JUDGMENT AS TO LIABILITY

According to Rule 56, summary judgment may only be granted if, drawing all inferences in favor of the nonmoving party, there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. See *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893, 896 (3d Cir.1987). Further, "[s]ummary judgment is as appropriate in a trademark infringement case as in any other case and should be granted or denied on the same principles." *WSM, Inc. v. Tennessee Sales Co.*, 709 F.2d 1084, 1086 (6th Cir.1983).

Plaintiff's federal claims of trademark infringement and unfair competition are based on the Lanham Act, 15 U.S.C. sections 1114 and 1125. The two New Jersey counts are local codifications of same.

Section 1114 states in relevant part:

[a]ny person who shall, without the consent of the registrant—

(a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is *likely to cause confusion,* or to cause mistake, or to deceive ... shall be liable in a civil action by the registrant for the remedies hereinafter provided.... (emphasis supplied).

Therefore, the relevant line of inquiry is whether the defendant's use of the mark APOLLO is likely to cause confusion.

Before that issue can be addressed, however, it is necessary to ascertain whether the parties deal in competing or noncompeting goods. It is clear from the record that the parties deal in competing goods and services. While defendants have tried to demonstrate that the plaintiff only used the name APOLLO in its carpet service capacity as a grade or style mark, the evidence proves otherwise. The evidence in this case overwhelmingly proves that plaintiff not only operates a carpet distribution service (in direct competition with defendant Aladdin), but also sells directly to retail stores, in direct competition with defendant Jerry Kurtz.

The standards for the likelihood of confusion when dealing with competing goods were set out in *National Football League Properties v. New Jersey Giants,* 637 F.Supp. 507, 516 (D.N.J.1986). For the record, and to the extent these factors are applicable, I will address each one in turn.

(1) *Similarity of the marks.* In the case at bar, the marks are identical.

(2) *Strength of the owners mark.* Plaintiff has been using the mark, APOLLO for over 60 years and has two incontestable federal registrations entitling them to exclusive use of the mark.

(3) *Price of the goods and other factors indicative of the care and attention of consumers when making a purchase.* The evidence indicates that there is an overlap as to the prices charged by plaintiff and the prices charged by the corporate defendants for their products.

(4) *Length of time of actual confusion.* While there has been no evidence presented as to actual confusion arising from the misusage of the APOLLO mark, it is inconceivable to this court that no confusion exists. Given that the mark·is identical and is utilized in the same marketplace, some confusion is bound to arise. It should be noted however, that the defendants only recently started using the mark. Thus the short time when the marks were in use together might account for the lack of actual confusion.

(5) *The intent of the defendant in adopting the mark.* Defendants assert that they were following the industry custom and practice of sharing grade or style names with other companies and their intent was not to gain an unfair advantage by capitalizing on plaintiff's mark. Whereas there may have been not malicious intent when the use began, after defendants were put on actual notice by plaintiff that the use was forbidden, the use of the mark should have ceased.

(6) *Evidence of actual confusion.* As has been noted above, there has been no evidence produced as to actual confusion other than the fact that both products are essentially the same and are marketed to the same audience.

The Third Circuit has recently stated that: "Where the trademark owner and the alleged infringer deal in competing goods or services, the court need rarely look beyond the mark itself. In those cases, the court will generally examine the registered mark, determine whether it is inherently distinctive or has acquired sufficient secondary meaning to make it distinctive and compare it against the challenged mark." *Interpace Corp. v. Lapp, Inc.,* 721 F.2d 460, 462 (3d Cir.1983).

In the instant case, the plaintiff and defendants deal in competing goods; the distribution and sale of carpet and carpet related goods. Further, the challenged mark is more than similar to the registered mark. The marks are identical in all respects. The court now has to determine whether the mark is distinctive in its field. The defendants have submitted a page from the Bergen County telephone book listing many local businesses named APOLLO. The defendants offer this to demonstrate to the court that the name APOLLO is not distinctive. The court finds, however, that defendants' proffers of proof on this issue is inadequate. While the defendants may have demonstrated that many businesses are called APOLLO, none of those named were in the carpet industry. Therefore, they have not demonstrated that plaintiff's mark is weak as it pertains to the carpet industry.

■ Further, it is clear that the same analysis also applies to the remaining counts of plaintiff's complaint. The second count seeks relief under New Jersey common law for infringement and unfair competition. The test for this count is identical to the test for federal unfair competition and infringement; whether a likelihood of confusion exists. *See Blumenfeld Development Corp. v. Carnival Cruise Lines, Inc.,* 669 F.Supp. 1297, 1322 (E.D.Pa.1987) (District Court in Pennsylvania applying New Jersey law). As has already been discussed, a likelihood of confusion exists.

■ Plaintiff's third and forth count set forth claims arising under section 43(a) of the Lanham Act, 15 U.S.C. 1125(a), and its New Jersey equivalent, *N.J.S.A.* 56:4–1.

Section 1125(a) states:

Any person who shall affix, apply, or annex or use in connection with any goods or services ... a false designation or origin, or any false description or representation, including words or other symbols tending falsely to describe or represent the same, and shall cause such goods or services to enter into commerce ... shall be liable to a civil action....

"As with the infringement claims, the key to establishing a claim of false designation of origin lies in proving that defendant's use of a trademark or packaging creates a likelihood of confusion." *Schering Corp. v. Schering Aktiengesellschaft,* 667 F.Supp. 175, 187 (D.N.J.1987) (citations omitted). As has already been discussed, a likelihood of confusion exists.

■ Lastly, the Third Circuit has made clear that the federal law of unprivileged imitation under section 43(a) is equivalent to the New Jersey law of unprivileged imitation. *American Greetings Corp. v. Dan–Dee Imports, Inc.,* 807 F.2d 1136 (3d Cir.1986). Thus plaintiff is entitled to relief as to this count as well.

## PERMANENT INJUNCTION

■ As Judge Ackerman of this court has stated:

Should plaintiff succeed on the merits of at least one of its claims, the court may fashion an appropriate, permanent injunction remedy so long as the balance of equities favors such a remedy. In cases where plaintiffs have requested permanent injunctive relief to remedy violations of section 43(a) of the Lanham Act, courts have held that a finding of likelihood of confusion is sufficient to establish the plaintiff's irreparable harm and the public's interest in permanent injunction.

*American Home Products v. Barr Laboratories,* 656 F.Supp. 1058, 1062 (D.N.J.) *aff'd,* 834 F.2d 368 (3d Cir.1987). Defendants have argued that injunctive relief is improper in the case at bar because they have voluntarily discontinued their use of the mark APOLLO. In order to avoid an injunction for trademark infringement based upon the cessation of infringement, the cessation must be "irrefutably demonstrated" and "total." *Pic Design Corp. v. Bearings Specialty Co.,* 436 F.2d 804, 809 (1st Cir.1971). The evidence discloses that while defendant Aladdin has said that they have ceased using the mark, they are still using it in Pennsylvania, which is part of the territory which plaintiff uses the mark APOLLO. Further, an injunction is proper where the defendants have resisted the liti-

gation. *Blisscraft of Hollywood v. United Plastics Co.*, 294 F.2d 694, 702 (2d Cir. 1961). All the defendants have participated in the defense of this litigation. Therefore, even though some of the defendants have voluntarily discontinued use of the mark APOLLO, an injunction is proper. Assuming that defendants have discontinued use of the mark, as they claim they have, an injunction will not harm them in any way. It will, however, insure plaintiff of the exclusive use of an incontestable mark to which it is entitled. The balance of equities in this case unquestionably falls in plaintiff's favor.