AMERICAN HOME PRODUCTS
CORPORATION, Appellant,

v.

BARR LABORATORIES, INC. and L.
Perrigo Company.

No. 87–5253.

United States Court of Appeals,
Third Circuit.

Argued Nov. 17, 1987.

Decided Dec. 2, 1987.

---

Marie V. Driscoll (argued), Jon A. Lewis, Townley & Updike, New York City, William J. Fiore, Meyner & Landis, Newark, N.J., Egon E. Berg, Steven J. Baron, New York City, for appellant.

Barry J. Brett (argued), Patricia L. Truscelli, Ann T. Dachs, Parker Chapin Flattau & Klimpl, New York City, Joel H. Sterns, Sterns, Herbert & Weinroth, Trenton, N.J., for appellee, L. Perrigo Co.

John G. Gilfillan, III (argued), Amy M. Riel, Marilyn D. Ludwig, Carella, Byrne, Bain & Gilfillan, Roseland, N.J., for appellee, Barr Laboratories, Inc.

Before SEITZ, HUTCHINSON, and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

The plaintiff, American Home Products Corporation (AHP), appeals a judgment of the district court in favor of defendants Barr Laboratories (Barr) and L. Perrigo Company (Perrigo). This court has jurisdiction under 28 U.S.C. § 1291 (1982).

### I.

AHP manufactures a 200–milligram tablet of the analgesic ibuprofen and markets it under the brand name "ADVIL." The ADVIL tablet is brown and has a glossy coating; the word "Advil" is printed on the tablet in small black letters. As of late 1986, ADVIL accounted for approximately seventy percent of the market for over-the-counter ibuprofen.

In September 1986, defendant Barr began manufacturing a 200–milligram ibuprofen tablet virtually identical in color and size to ADVIL. Unlike ADVIL, Barr's tablet has a dull finish and has the marking "I–2" impressed into the surface in comparatively large characters. Barr's tablet is also shaped somewhat differently than ADVIL. Defendant Perrigo packages and markets Barr's tablets throughout the country under numerous retail brand names, many of which are the "house brand" labels of various retailers. These tablets generally sell for half the price of ADVIL.

In April 1986, in anticipation of efforts by defendants to market a tablet similar in appearance to ADVIL, AHP commenced this action in district court, alleging violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (1982).[1] AHP sought an order preliminarily and permanently enjoining defendants from manufacturing or selling their brown ibuprofen tablet. The district court held hearings on the issues of fact raised by AHP's request for preliminary relief. After the hearings, the district court ordered that trial on the merits be advanced and consolidated with the motion for preliminary injunctive relief, in accordance with Federal Rule of Civil Procedure 65(a)(2). The court then determined that AHP was not entitled to relief under sec-

---

1. AHP's complaint also alleged a cause of action for "passing off" under New Jersey law. The district court's opinion, however, stated that AHP appeared to have abandoned the passing off claim after the presentation of all the evidence. On appeal, AHP directs its arguments solely toward the court's holding under section 43(a), and we confine our attention accordingly.

tion 43(a) because it had failed to establish a likelihood of confusion as to the respective sources of ADVIL and defendants' tablet. *See American Home Prods. Corp. v. Barr Laboratories, Inc.*, 656 F.Supp. 1058 (D.N.J.1987). Accordingly, the court granted judgment in favor of defendants. This appeal followed.

## II.

■ Section 43(a) provides in pertinent part:

> Any person who shall affix, apply, or annex, or use in connection with any goods or services, or any container or containers for goods, a false designation of origin, or any false description or representation ... shall be liable to a civil action ... by any person who believes that he is or is likely to be damaged by the use of any such description or representation.

15 U.S.C. § 1125(a) (1982). To establish a violation of section 43(a) for unprivileged imitation of product appearance, a plaintiff must show (1) that the imitated feature is non-functional, (2) that the imitated feature has acquired a "secondary meaning," and (3) that consumers are likely to confuse the source of plaintiff's product with that of defendant's product. *American Greetings Corp. v. Dan–Dee Imports, Inc.*, 807 F.2d 1136, 1141 (3d Cir.1986). In the present case, the district court did not address the first two factors, but rather rested its holding entirely on the finding that there was no likelihood of confusion.

■ At the threshold we must determine the standard of appellate review applicable to a trial court's findings as to likelihood of confusion or lack thereof. This is an issue over which the courts of appeals have disagreed in the past. *See Elby's Big Boy of Steubenville, Inc. v. Frisch's Restaurants, Inc.*, 459 U.S. 916, 103 S.Ct. 231, 74 L.Ed.2d 182 (1982) (White, J., dissenting from denial of certiorari). Some courts have reviewed findings concerning likelihood of confusion under the "clearly erroneous" standard applicable to questions of fact, *see, e.g., Keebler Co. v. Rovira Biscuit Corp.*, 624 F.2d 366, 377 (1st Cir.1980), while other courts, characterizing likelihood of confusion as a question of law, have engaged in de novo review of such findings, *see, e.g., Blue Bell, Inc. v. Jaymar–Ruby, Inc.*, 497 F.2d 433, 435 n. 2 (2d Cir.1974). To the extent that the latter approach rests on the perception that appellate courts are in as good a position as trial courts to evaluate evidence of likelihood of confusion, the validity of this approach has been largely undermined by the 1985 amendment to Federal Rule of Civil Procedure 52(a).[2] *See Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427–29 (7th Cir.1985), *cert. denied*, 475 U.S. 1147, 106 S.Ct. 1801, 90 L.Ed.2d 346 (1986). This amendment made clear that a district court's conclusions cannot be regarded as pertaining to a "question of law"—and thus reviewed de novo—merely because they are based on evidence that is theoretically susceptible of independent evaluation by an appellate court. Rule 52(a) now requires appellate courts to apply the clearly erroneous standard to all findings of fact, "whether based on oral or documentary evidence." Even before the recent amendment to Rule 52(a), decisions of this court applied the clearly erroneous standard to findings on likelihood of confusion, *see CIBA–GEIGY Corp. v. Bolar Pharmaceutical Co.*, 747 F.2d 844, 851 (3d Cir.1984), *cert. denied*, 471 U.S. 1137, 105 S.Ct. 2678, 86 L.Ed.2d 696 (1985); *Freixenet, S.A. v. Admiral Wine & Liquor Co.*, 731 F.2d 148, 151 (3d Cir.1984), and we adhere to that approach here. Under the

---

**2.** Some courts, including this one, have occasionally justified de novo review on the somewhat different ground that likelihood of confusion is a finding of "ultimate" or inferred fact reviewable under a less deferential standard than findings of "basic" or historical fact. *See Scott Paper Co. v. Scott's Liquid Gold, Inc.*, 589 F.2d 1225, 1229 n. 3 (3d Cir.1978). This position is no longer tenable in light of the Supreme Court's decision in *Pullman–Standard v. Swint*,

456 U.S. 273, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982). There the Court held that a district court's finding of discriminatory purpose may be reversed on appeal only if clearly erroneous, noting that "[rule 52(a) ] does not divide facts into categories; in particular, it does not divide findings of fact into those that deal with 'ultimate' and those that deal with 'subsidiary' facts." *Id.* at 287, 102 S.Ct. at 1789.

clearly erroneous standard, a finding of fact may be reversed on appeal only if it is completely devoid of a credible evidentiary basis or bears no rational relationship to the supporting data. *See Krasnov v. Dinan,* 465 F.2d 1298, 1302 (3d Cir.1972).

■ Turning to the merits, we do not believe the district court's finding of no likelihood of confusion was clearly erroneous. The court was plainly correct in finding that there was little chance of confusion at the point of sale. The boxes and bottles Perrigo uses to package its tablets are easily distinguishable from ADVIL's packaging. None of the brand names under which Perrigo sells its product is confusingly similar to the name ADVIL. Although much of AHP's point-of-sale advertising prominently pictures the brown ADVIL tablet, Perrigo's advertising never shows its tablet. Indeed, Perrigo's advertising is carefully calculated to differentiate its product from the more expensive ADVIL.

There was also evidence to support the court's conclusion that post-sale confusion was unlikely. As the court noted, the brown color that the two types of tablet have in common is only one aspect of their respective appearances. The tablets differ noticeably in their shape and finish and in the markings they bear. The district court did not err in regarding these differences between the two tablets as indicative that reasonable consumers would not be likely to be confused as to the sources of the two products after the initial purchase.

■ Appellant maintains that the district court committed clear error by not invoking a presumption of likelihood of confusion based on defendants' deliberate decision to copy the color of ADVIL, the dominant brand in the over-the-counter ibuprofen market. We disagree. In an action for unlawful imitation of product appearance, evidence of defendant's intent does not relieve plaintiff of its burden of proving likelihood of confusion by a preponderance of the evidence. At most, defendant's intent is a factor tending to suggest likelihood of confusion. In this case, moreover, the district court did not find that defendants actually intended to confuse consumers but rather that defendants intended to copy one feature of ADVIL's appearance (the color) while making their tablet distinguishable from ADVIL in other respects. *See* 656 F.Supp. at 1071. Although intent to confuse might be highly probative of likelihood of confusion, the court did not err in declining to infer likelihood of consumer confusion from a mere intent to imitate. *See Freixenet,* 731 F.2d at 151–52 (intent to imitate is irrelevant when other factors indicate there is no likelihood of confusion).

■ Appellant also contends that the district court committed reversible error in failing to accord greater probative weight to appellant's consumer survey, which showed that almost one-fifth of the individuals sampled "associated" defendants' ibuprofen tablet with the name ADVIL. The district court, however, found several methodological flaws in appellant's survey. *See* 656 F.Supp. at 1070–71. Chief among these was that the survey tested consumer "association" rather than "identification." The designer of the survey himself conceded that the two concepts are not interchangeable. A response that one "associates" a given product with the name of a competitive product may simply reflect the recognition that the two products are comparable and serve the same purpose. Such a response is not necessarily indicative of confusion as to source, a crucial prerequisite of relief under section 43(a). Given the ambiguity of the responses, the district court did not clearly err in giving little weight to appellant's survey results.

Accordingly, the judgment of the district court in favor of defendants will be affirmed.