**PRS MATERIALS, INC., Plaintiff,**

v.

**GREEN ACRES NURSERY & GARDEN CENTER, INC., Defendant.**

**No. CIV. A.2000–2377.**

United States District Court,
E.D. Pennsylvania.

May 9, 2001.

Joseph W. Gibley, W. Kelly Mc Williams, Gibley & McWilliams PC, Media PA, for Plaintifff.

Frank R. Emmerich, Jr., Conrad, O'Brien, Gellman & Rohn, PC, Philadelphia, PA, George J. Ozorowski, Joseph J. Kalkbrenner, Jr., Hughes, Kalkbrenner & Adshead, LLP, Pylmouth Meeting, PA, for Defendant.

### *MEMORANDUM*

GILES, Chief Judge.

### Introduction

PRS Materials, Inc. ("PRS"), maker of Earthmate compost, brought this action alleging that Green Acres Nursery & Garden Center, Inc. ("Green Acres") sold a compost under the names Earthmate or Earthlife when the compost in question was actually a brand called Mascaro. PRS alleges 1) false designation of origin in violation of 15 U.S.C. § 1125(a); 2) infringement of a federally registered trademark in violation of 15 U.S.C. § 1114; 3) violations of state common law through trademark infringement, dilution of mark, injury to business reputation, and unfair competition; and 4) a violation of the Pennsylvania Unfair Trade Practices Act.

A Bench Trial was held in this matter from April 18 to April 23, 2001. At trial, PRS did not prove by a preponderance of the evidence that Green Acres sold Mascaro compost under the Earthmate or Earthlife name. Accordingly, this court enters judgment on all counts in favor of Green Acres.

### Parties

1. PRS is a Pennsylvania corporation formed for the purpose of distributing a compost product.

2. Green Acres is a garden center where retail customers can purchase flowers, trees, shrubs, mulch and other typical home gardening materials. Green Acres also designs and installs landscapes for customers' homes.

### Jurisdiction

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1338(a) which gives federal courts original jurisdiction over federal claims related to trademark infringement. Further, there is original jurisdiction over Green Acres' claims of unfair competition under state statute and state common law, since there are unfair competition claims joined with a substantial and related federal trademark claim. 28 U.S.C. § 1338(b). There is supplemental jurisdiction over the remaining state law claims since they are part of the same case or controversy as a federal claim. 28 U.S.C. § 1367(a).

### Contentions of Plaintiff

1. PRS contends that, from March 1998 to May 2000, Green Acres sold bulk compost under the Earthmate name when the compost in question was actually a product named Mascaro. PRS alleges two forms of proof of this contention.

2. First, it notes that Green Acres significantly decreased its purchases of the bulk Earthmate product from PRS be-

tween March of 1998 and May of 2000. Further, between March of 1998 and May of 2000, Green Acres purchased 9,273.5 cubic yards of bulk compost from a company called Mascaro. Since, during the relevant time period, Green Acres ostensibly only advertised for sale to customers the Earthmate compost product, PRS wishes this court to infer that Green Acres was selling the Mascaro product under the Earthmate name.

3. Second, PRS sent Frank Boyer, the Secretary of PRS, on an undercover investigative mission to Green Acres Nursery. Mr. Boyer told a Green Acres salesperson that he was interested in buying Earthmate compost in bulk. The salesperson took Mr. Boyer to the back of the store and pointed to a pile of compost about ten yards away. The salesperson told Mr. Boyer that if he ordered Earthmate, he would receive compost from that pile. Mr. Boyer formed the belief that the pile of compost that he saw had less wood chips and was a lighter color than the Earthmate product. He concluded that if he would have actually ordered the compost, he would have received product other than Earthmate despite the salesperson's assurances that he would receive Earthmate.

### Contentions of Defendant

1. Green Acres contends that Earthmate compost was the only bulk compost product that it sold to its customers at the Green Acres Nursery during the relevant time period.

2. Green Acres contends that it began purchasing the Mascaro product in 1998 because it started using the product in its growing fields, in its potted plants and shrubs, and as soil enrichment as part of its landscape installations.

3. Green Acres contends that it decreased its purchases of the Earthmate product in bulk because it switched to Mascaro for its non-retail compost uses and because retail demand for the product as a top soil dressing declined in the late 1990s.

### Undisputed Facts

1. PRS has been distributing compost since 1984. PRS's president is Rick Turner. Its secretary is Frank Boyer.

2. From 1984 to 1994, PRS Materials was the exclusive marketer of a compost material called "Earthlife." The "Earthlife" name was a registered trademark of Del Chem Sales which obtained compost from Philadelphia, Washington D.C., and Baltimore, and sold it to PRS Materials.

3. PRS typically sells the compost to nurseries and garden centers, which in turn, sell the product to retail customers.

4. Sometime around 1986 or 1987, Green Acres began to carry the Earthlife product. (Exhibit P–24, Exhibit P–5, Transcript 4/11/01, p. 65).

5. In the early 1990's, PRS obtained the right to purchase compost directly from the City of Philadelphia and distribute it to nurseries and garden centers.

6. At that time, PRS wished to obtain the right to use the Earthlife name, but due to the sale and restructuring of Del Chem Sales, the owner of the Earthlife name was "a clouded issue." (Transcript 4/11/01, p. 61).

7. PRS decided to start calling its product "Earthmate" and began marketing its product as Earthmate around 1994 or 1995. (Transcript 4/11/01, p. 82). PRS became the Registered owner of the Earthmate trademark on October 31, 1995. (Exhibit P–4).

8. At different times, a binding contract required Green Acres to sell only Earthmate or Earthlife compost. But at the times relevant to this case, no binding

exclusivity agreement existed. (Transcript 4/11/01, p. 58).

9. During the relevant time period, Green Acres represented to all its customers that either Earthlife or Earthmate was the only compost product it sold. Green Acres made this representation through signs, brochures, newsletters, a display case, and employee interactions with customers. (E.g., Transcript 4/12/01, p. 60–69; Exhibit p–24).

10. During the relevant time period, Earthmate was available at Green Acres in bags and in bulk. Customers typically had bags of compost loaded into their automobiles, while bulk compost was typically loaded onto a Green Acres delivery truck and delivered directly to customers' homes. It is agreed by both parties that the only compost Green Acres sold in bags during the relevant time period was the Earthmate product. The central dispute is whether Green Acres sold compost in bulk that was not the Earthmate product.

## Findings of Fact and Conclusions of Law

*Purchases from Mascaro*

1. PRS first attempts to prove that Green Acres sold Mascaro under the Earthmate name by arguing that Green Acres began purchasing Mascaro compost in 1998 while purchasing less and less Earthmate compost.

2. Since Green Acres represented to its customers that it only sold Earthmate compost, PRS wishes this court to conclude that all the Mascaro that was purchased by Green Acres was misrepresented and sold to customers under the Earthmate name.

3. This court credits the testimony of Robert Christinzio, owner of Green Acres, who stated that Green Acres never sold Mascaro compost to customers, but used it as a soil amendment on landscaping jobs, as a top dressing on its own fields and growing areas, and for repotting shrubs and trees at its store. (Transcript 4/12/01, p. 120).

4. Mr. Christinzio had previously used Earthmate for landscaping, in its fields, and for potted plants, but switched to the Mascaro product after being impressed with a Mascaro sales demonstration in late 1997. (Transcript 4/12/01, p. 159).

5. This court also credits the testimony of Donald Stauffer, who was the foreman of the Green Acres landscaping crew. Mr. Stauffer confirmed that Green Acres switched to the Mascaro product for its non-retail usages because it was less clumpy than the Earthmate product and required less labor to rake evenly on and into the ground. (Transcript 4/16/01, pp. 5–6, 13). This testimony was supported by Robert Button, PRS's witness and owner of a nearby garden center. He stated that he had complained to PRS about the clumpiness of Earthmate. (Transcript 4/12/01, p. 218).

6. Green Acres purchased increased amounts of Mascaro in 1999, because its landscaping business was expanding. (Transcript 4/12/01, p. 160).

7. This court also credits Mr. Christinzio's testimony that Green Acres purchased less Earthmate during the relevant time period because retail sales of compost as top soil dressing declined significantly. (Transcript 4/12/01, p. 154). Red dye mulch was introduced in 1997, and became very popular. Many customers began purchasing red dye mulch instead of Earthmate compost for top soil dressing. (Transcript 4/12/01, p. 155). A prolonged drought and heat wave in the summer of 1999 also significantly decreased retail sales of bulk compost at Green Acres because customers were unwilling to self-install large landscape projects in intense

daytime heat. (Transcript 4/12/01, pp. 161–65).

*Frank Boyer's Undercover Operation*

■ 8. PRS attempts to prove that Green Acres sold Mascaro compost under the Earthmate name through the testimony of Frank Boyer, the Secretary of PRS, who made trips to the Green Acres Nursery on August 13, 1999 and April 30, 2000.

9. On August 13, 1999, Mr. Boyer went to Green Acres Nursery and, without revealing his identity, stated that he may need 32 yards of Earthmate in the near future.

10. At that time, Mr. Boyer knew that Green Acres had not purchased any bulk Earthmate product since June of 1999. (Exhibit P–12; Transcript 4/12/01, p. 66).

11. The salesperson walked Mr. Boyer to the back of the garden center where a number of piles of bulk products were kept.

12. The salesperson pointed to one of the piles of bulk compost that was ten yards away. Mr. Boyer asked the salesperson what brand of compost was in this pile and the salesperson stated that it was "Earthlife or Earthmate, something like that." (Transcript 4/12/01 pp. 63, 65).

13. Mr. Boyer asked the salesperson from where the compost had come, and the salesperson stated that it was from West Chester. In fact, Earthmate used to have offices in West Chester, but had not done business from there since 1997. (Transcript 4/12/01, p. 66). It is undisputed that the Mascaro compost comes from the state of West Virginia.

14. Mr. Boyer felt that the pile of compost to which the salesperson pointed was not the Earthmate brand because the compost was lighter in color, did not have as many wood chips, and had finer wood chips than the Earthmate brand. (Transcript 4/12/01, p. 66).

15. Mr Boyer was walked back into the store by the salesperson who directed him to a display case that included glass compartments displaying different kinds of bulk and bagged products. One of the compartments was marked Earthmate, and Mr. Boyer felt, based on the size and number of wood chips in the material, that the compost in the glass compartment was actually Earthmate compost. (Transcript 4/12/01, p. 67).

16. After that, Mr. Boyer left the garden center without purchasing anything. (Transcript 4/12/01, p. 68).

17. Mr. Boyer made a second trip to Green Acres Nursery on April 30, 2000. At this time, Green Acres had not purchased any bulk Earthmate product since September 1999. (Transcript 4/12/01, pp. 75–76).

18. Mr. Boyer went to the register in the Garden Center and purchased some plants and a bag of Earthmate.(Transcript 4/12/01, p. 79).

19. The salesperson gave Mr. Boyer a ticket detailing his purchases. Mr. Boyer took the ticket to a Green Acres person outside the store. That person was Mr. Christinzio, who was then unknown by appearance to Mr. Boyer. Mr. Christinzio put a bag of Earthmate into Mr. Boyer's car. Mr. Boyer later confirmed that the bag was indeed filled with the Earthmate product. (Transcript 4/12/01, pp. 79–80, 100).

20. While at the store, Mr. Boyer again observed, from ten yards away, a pile of compost that he believed was not the Earthmate product. (Transcript 4/12/01, p. 80).

21. On both visits, Mr. Boyer claims that there were only two piles of bulk products at Green Acres Nursery-one pile

of compost and one pile of mulch. (Transcript 4/12/01, p. 87).

22. From these two visits, PRS wishes this court to conclude that Green Acres sold Mascaro compost under the Earthmate name. This court concludes that PRS has failed to prove that what is alleged ever occurred. There is no evidence that any customer suffered a misrepresentation of product.

23. Moreover, this court credits the testimony of Mr. Christinzio, who stated that during the relevant time period, there were four piles of bulk products at Green Acres Nursery. (Transcript 4/13/01, p. 54). The nursery had a pile of Earthmate compost, a pile of Mascaro compost, a pile of hardwood product, and a pile of red dye product. (Transcript 4/13/01, p. 54).

24. If a salesperson did in fact misidentify a pile of Mascaro compost as Earthmate compost, this falls far short of proof that Green Acres sold Mascaro compost under the Earthlife name, especially since the salesperson assured Mr. Boyer that he would receive Earthmate and Mr. Boyer never purchased and received anything other than Earthmate.

25. The salespeople at Green Acres have very little to do with the sale of bulk products. Mr. Christinzio himself handles the loading up and delivery of bulk compost to customer homes as well as the loading of bags in customers' vehicles at the store. (Transcript 4/13/01, p. 53). Salespeople rarely allowed customers to go near the bulk products since the area was often muddy and contains heavy machinery. (Transcript 4/12/01, p. 130). Instead, customers were expected to make their choices based on the display boxes in the front of the store. (Transcript 4/12/01, p. 130). There is no evidence that a salesperson does anything other than cause a purchase slip to be given to the customer who

then gives the slip to Mr. Christinzio for filling.

*Testimony Of Green Acres Employee*

26. PRS also attempts to prove that Mascaro was sold under the Earthmate name through the testimony of Matthew Roth, who worked weekends as a sales associate at Green Acres during the spring of 1999.

27. Mr. Roth testified that the entire time he worked at Green Acres, there was only one pile of compost as opposed to a pile of Earthmate compost and a pile of Mascaro compost. (Transcript 4/13/01, p. 7).

28. PRS wishes the court to conclude from this testimony that the one pile was Mascaro compost and that this proves Green Acres was passing off Mascaro compost as Earthmate compost.

29. This court does not credit Mr. Roth's testimony. Mr. Roth stated that he worked at Green Acres in the Spring of 1999, took the summer of 1999 off, and then worked for a short time in the Fall of 1999. (Transcript 4/13/01, p. 4). During the Spring of 1999, Green Acres received deliveries of both Mascaro and Earthmate nearly every week. (Exhibit P–12). It is not possible that Green Acres only had a pile of Mascaro compost during that time period.

30. Mr. Roth's testimony does not corroborate Mr. Boyer's testimony as Mr. Boyer claimed he saw only one pile of Mascaro compost, and no pile of Earthmate compost, in the Summer of 1999 and the Spring of 2000. Mr. Roth was not working at Green Acres during either of these periods.

31. Further, Mr. Roth stated that he had no knowledge or experience with Green Acres' landscaping work. (Transcript 4/13/01, pp. 22–24). He also stated he had no idea what type of compost

Green Acres used in their landscaping jobs and did not even know that Green Acres had growing fields where compost product was utilized. (Transcript 4/13/01, pp. 25, 29).

*Conclusion*

32. PRS had the burden of proving that Mascaro was passed off as Earthmate by a preponderance of the evidence. *See American Home Products Corp. v. Barr Laboratories*, 834 F.2d 368, 371 (3d Cir. 1987). This court concludes that PRS has not proven that Mascaro compost was sold under the Earthmate name. Judgment is entered in favor of Green Acres and against PRS on all counts.

### Judgment Order

AND NOW, this ___ day of May, 2001, for the reasons set forth in the attached memorandum, it is hereby ORDERED that Judgment is entered in favor of Defendant and against Plaintiff on all counts.