

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-27-2002

# USA v. Vanasse

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3717

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Vanasse" (2002). *2002 Decisions*. Paper 620.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/620

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT


NO. 01-3717


UNITED STATES OF AMERICA

v.

MICHAEL VANASSE,
                    Appellant


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 91-cr-00063-19)
District Judge:  Hon. Bruce W. Kauffman


Submitted Under Third Circuit LAR 34.1(a)
September 9, 2002

Before:  SLOVITER, RENDELL and FUENTES, Circuit Judges

(Filed                   September 27, 2002                   )


OPINION OF THE COURT SLOVITER, Circuit Judge.

     Michael Vanasse appeals the judgment of conviction and sentence.  After indictment in the United States District Court for the Eastern District of Pennsylvania, Vanasse pleaded guilty to one count of conspiracy to distribute and to possess with intent to distribute more than five kilograms of cocaine, contrary to 21 U.S.C.  841(a)(1), in violation of 21 U.S.C.  846.  The District Court sentenced Vanasse to 300 months.  In this appeal, Vanasse challenges the District Court's conclusion that Vanasse was competent to stand trial, its denial of his motion to withdraw his guilty plea pursuant to Rule 32(e) of the Federal Rules of Criminal Procedure, its application of a two level increase for obstruction of justice under U.S.S.G.  3C1.1, its interpretation and application of Apprendi v. New Jersey, its calculation of drug quantity, and its denial of his request for a hearing on the government's refusal to file a motion for a downward departure.  We will affirm.

     The District Court had jurisdiction under 18 U.S.C.  3231.  This court has jurisdiction pursuant to 28 U.S.C.  1291 and 18 U.S.C.  3742.

                                   I.

     Vanasse first argues that the evidence presented at the hearing did not support the District Court's determination that he was competent to stand trial.  Vanasse concedes that the District Court's determination of his competence "may not be set aside unless it is clearly erroneous."  Gov't of V.I. v. Williams, 892 F.2d 305, 312 (3d Cir. 1989).  A district court does not commit clear error unless its factual findings are "'completely devoid of a credible evidentiary basis or bear[] no rational relationship to the supporting data.'"  United States v. Haut, 107 F.3d 213, 218 (3d Cir. 1997) (quoting American Home Prods. Corp. v. Barr Labs., Inc., 834 F.2d 368, 370-71 (3d Cir. 1987)).  As we

have previously held, "[i]n order to be competent to stand trial, a defendant must be able to consult with counsel with a reasonable degree of rational understanding, and he must have a rational understanding of the nature and object of the proceedings against him." McFadden v. United States, 814 F.2d 144, 146 (3d Cir. 1987).

Vanasse suffered a head injury in an automobile accident in 1991, subsequent to the events for which he was convicted. After ordering a psychiatric examination, the District Court held a competency hearing. At the hearing, the government presented the written report and testimony of Dr. Edward Guy, a forensic psychiatrist and the director of psychiatric services for the Philadelphia prison system. Dr. Guy reported:

> Mr. Vanasse has a clear understanding of his legal situation.
> He was able to discuss this in detail with me and knows the
> roles of the various participants in a criminal trial situation.
> He was able to cooperate with me during my evaluation and I
> feel that he could cooperate with an attorney in the
> preparation of a defense.

App. at 332.

Vanasse argues that the District Court erred in its conclusion that he was competent, and points to Dr. Guy's concern that Vanasse's memory was impaired "for the period of time before and after his head injury," App. at 332, which included the time period the conspiracy was in effect. Vanasse also argues that his ability to recall events during the trial was impaired.

Vanesse has pointed to no authority suggesting the test for competency requires a good memory. The test only requires a memory sufficient to permit a reasonable degree of rational understanding of the proceedings. Dr. Guy testified that Vanasse understood his legal situation. The District Court did not clearly err.

## II.

Vanasse next argues that the District Court abused its discretion in refusing to permit him to withdraw his guilty plea. Under Rule 32(e) of the Federal Rules of Criminal Procedure, a district court may permit a defendant to withdraw his or her guilty plea before the sentence is imposed, "if the defendant shows any fair and just reason." Fed. R. Crim. P. 32(e). The defendant bears the burden of demonstrating such a "fair and just reason." United States v. Isaac, 141 F.3d 477, 485 (3d Cir. 1998). Three factors are relevant in evaluating whether a defendant has demonstrated a "fair and just reason:" "(1) whether the defendant asserts her innocence; (2) whether the government would be prejudiced by the withdrawal; and (3) the strength of the defendant's reason to withdraw the plea." United States v. Brown, 250 F.3d 811, 815 (3d Cir. 2001). We review the District Court's decision not to grant a withdrawal of a guilty plea for abuse of discretion. Isaac, 141 F.3d at 485.

Vanasse contends that he presented strong reasons for withdrawing his plea, namely that his court-appointed attorney provided him ineffective assistance. Under Strickland v. Washington, 466 U.S. 668 (1984), Vanasse must demonstrate that (1) "counsel's representation fell below an objective standard of reasonableness," id. at 688, and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694. Because the constitutional effectiveness of counsel is a mixed question of law and fact, "we may freely review the district court's conclusions." Lewis v. Mazurkiewicz, 915 F.2d 106, 110 (3d Cir. 1990).

Vanasse asserts his counsel was ineffective for two reasons. First, he suggests counsel failed to present adequate evidence at the competency hearing. Vanasse urges that his case is similar to Hull v. Freeman, 932 F.2d 159 (3d Cir. 1991), in which we determined a defendant had satisfied the first prong of Strickland where his attorney "neither cross-examine[d] the Commonwealth's sole witness nor present[ed] any rebuttal evidence" in a state competency hearing. Hull, 932 F.2d at 163. We noted that "at the time of the competency hearing, Hull's counsel was well aware that two other . . . psychiatrists . . . recently had diagnosed Hull to be incompetent." Id. at 168.

Hull is not applicable. Vanasse's counsel engaged in an extensive cross-examination of Dr. Guy. App. at 249-80. She introduced into evidence two medical reports, and Vanesse does not suggest there were any other diagnoses she was aware of but failed to bring forward. As we noted in Hull, "In assessing an attorney's

performance, courts must be 'highly deferential,' and 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . .'" Id. at 167 (quoting United States v. Gray, 878 F.2d 702, 710 (3d Cir. 1989) (quoting Strickland, 466 U.S. at 689)).

Vanasse also argues that counsel was ineffective in negotiating his guilty plea agreement. The plea agreement provided that if the government determined Vanasse had substantially assisted in the investigation or prosecution of another person, it would make a motion for a downward departure under U.S.S.G. 5K1.1 and 18 U.S.C. 3553(e). According to Vanasse, counsel should have made a proffer to the government of the information that might be of assistance so that counsel could ascertain whether Vanasse's cooperation would likely result in a downward departure. As a corollary argument, Vanasse urges that, based on his mental deficiencies, "[his] counsel had no reasonable basis for concluding that his cooperation would result in the filing of a substantial assistance motion." Br. of Appellant at 15.

At his plea hearing, Vanasse acknowledged that he understood the meaning of the plea agreement. He admitted that he had played a role in initiating the conspiracy, and that he "was going to buy it once they got the cocaine home." App. at 223. Vanasse agreed that he understood that the court need not accept any recommendation or request of the government. His attorney stated that "we had extensive discussions about the terms of the plea agreement and that the 5(k)(1) would not be[] guaranteed by the government . . . . [I]t [is] my belief that . . . Mr. Vanasse . . . will be eligible for a 5(k)(1), but I cannot tell him that now." App. at 227. She also observed that "since the competency hearing, I have had numerous conversations with Mr. Vanasse, discussed the evidence with him, and I am convinced at this point, although he does have memory loss, . . . that he is competent and does understand what's going on." App. at 231. The terms of the plea agreement appear to have been reasonable at the time counsel negotiated them.

The government points to considerable evidence that it was Vanasse's own conduct after he pleaded guilty that undermined the benefits he would have received under the agreement. For example, Vanasse refused to answer and evaded answering questions in later proffers. After withdrawing, Vanasse's counsel testified that Vanasse's refusal to testify appeared to have been motivated by a desire to protect individuals who were the subject of the government's investigation. She noted that Vanasse discussed his statements to law enforcement agents with some of these suspects. Based on these facts, we cannot conclude that counsel's representation fell below an objective standard of reasonableness.

We agree with the District Court that counsel did not provide strong reasons for withdrawing his guilty plea. Although Vanasse asserted his innocence, he does not dispute the District Court's conclusion that the government would have been prejudiced by the withdrawal. The District Court did not abuse its discretion in denying Vanasse's motion to withdraw his guilty plea.

### III.

Vanasse next asserts that the District Court erred by imposing a two-level offense enhancement under U.S.S.G. 3C1.1 for obstruction of justice based on threatening statements Vanasse made to and regarding the prosecutor. Under U.S.S.G. 3C1.1, a two level enhancement is appropriate "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." U.S.S.G. 3C1.1 (1990). The commentary provides a "non-exhaustive list of examples of the types of conduct to which [ 3C1.1] applies" that includes "threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so." U.S.S.G. 3C1.1 cmt. n.3(a). We review "a district court's finding of fact supporting an upward adjustment to a sentencing level for clear error." United States v. Bethancourt, 65 F.3d 1074, 1080 (3d Cir. 1995).

The government presented a number of letters Vanasse sent to the prosecutor which discuss the prosecutor's minor children and the likelihood of their future involvement in drugs. The District Court found that Vanasse had attempted to intimidate the prosecutor through his letters, and referencing one of the letters, stated:

> [A]t the third paragraph, "I do not think you are a bitch and
> want your legs broken. I think you are a dumb"     and then

there's an obscenity  "and your kids' habit will pay you back better than broken legs.  So stop lying and making things up. Remember, you make people swear to God to tell the truth when they are lying.  May God have mercy on your kids."

Those references to kids are outrageous.  And those kinds of letters . . . are unacceptable . . . I think the whole purpose of it was to intimidate the Assistant United States Attorney and clearly as part of a pattern constitute obstruction of justice.

App. at 605-06.  We certainly cannot hold that the District Court's factual findings are "completely devoid of a credible evidentiary basis or bear[] no rational relationship to the supporting data."  Haut, 107 F.3d at 218.

IV.

Vanasse next argues that it was error for the District Court to have sentenced him to life imprisonment rather than twenty years, which he claims was required under Apprendi v. New Jersey, 530 U.S. 466 (2000).  Vanasse was indicted for conspiracy to possess with intent to distribute more than five kilograms of cocaine, which carries a maximum sentence of life imprisonment.  21 U.S.C.  841(b)(1)(A).

At the commencement of the plea hearing, the government read into the record Vanasse's stipulation that:

[T]he possession with intent to distribute in excess of 1300 kilograms of cocaine was reasonably foreseeable to the defendant and was within the scope of the criminal activity that he jointly undertook with other members of the conspiracy; and that the defendant's sentencing guideline range should be calculated on the basis of that quantity in accordance with section 1(b)(1.3) of the sentencing guidelines.

App. at 216.

During the plea hearing, Vanasse disputed a contention by the government that he intended to purchase and distribute the entire 1,300 kilograms of the cocaine shipment, apparently repudiating the stipulation that the full planeload was attributable to him.  He contends that the jury should have resolved the quantity and, in the absence of a jury finding, he should have been sentenced under 21 U.S.C.  841(b)(1)(C), to which he pled guilty, which carries a statutory maximum of twenty years.  Although Vanasse stated at the hearing that he did not intend to purchase the entire shipment of cocaine, he is responsible for it.

Vanasse was both a financial backer of the conspiracy and also intended to purchase cocaine from the cocaine shipment he had financed.  We have stated, "[t]he leading case of Pinkerton v. United States, 328 U.S. 640 (1946), established that a defendant is responsible for a co-conspirator's acts when those acts are (1) committed in furtherance of the conspiracy and (2) reasonably foreseeable by the defendant as a necessary or natural consequence of the unlawful agreement."  United States v. Collado, 975 F.2d 985, 993 n.7 (3d Cir. 1992).  Vanasse's attorney clarified his position by stating "people . . . were using Mr. Vanasse's name and his guarantee to sell all of [the cocaine] basically as a sales pitch. . . .  But he still, based on the facts, guaranteed a significant amount to sell."  App. at 225.  As the planeload was 1,300 kilograms of cocaine, and a conspiracy to distribute in excess of five kilograms of cocaine carries a sentence of life imprisonment, as to which Vanasse received ample notification, his assertion that he did not intend to distribute more than five kilograms of cocaine is of no moment since he did plead guilty to conspiracy to possess with intent to distribute more than five kilograms of cocaine.

Under Apprendi v. New Jersey, factors mentioned in a statute that result in an enhancement beyond the prescribed statutory maximum must be proved beyond a reasonable doubt.  530 U.S. at 490.  A guilty plea is the functional equivalent of a jury conviction.  See United States v. Broce, 488 U.S. 563, 569 (1989).  Vanasse pleaded guilty to 21 U.S.C.  841(b)(1)(A) and his sentence of 300 months is not in excess of the maximum applicable sentence of life imprisonment.

V.

Vanasse argues the District Court erred in determining the amount of cocaine that should be attributable to him in relationship to the conspiracy under U.S.S.G.    2D1.1 and 1B1.3.  As discussed above, as part of his plea agreement Vanasse stipulated that he was responsible for 1,300 kilograms of cocaine, and a guilty plea is the functional equivalent of a jury conviction, Broce, 488 U.S. at 569.  The District Court did not err.

VI.

Finally, Vanasse argues that the District Court erred in declining to hold a hearing on whether the government acted in good faith in refusing to file a motion for a downward departure as provided for in the plea agreement.  Vanasse relies on this court's decision in United States v. Isaac, 141 F.3d 477 (3d Cir. 1988).  In Isaac, this court held that a district court should "call upon the government to explicate its reasoning" for refusing to file a substantial assistance motion, "and assuming that a facially plausible reason is advanced," the defendant should be given "an opportunity to produce evidence giving reason to question the justification advanced" by the government.  Id. at 484.  Only if the defendant produces such evidence is the district court "required to hold a hearing and make a finding as to whether the government has acted in good faith."  Id.

The government explained that its decision not to file a motion for a sentencing departure was based on its belief that Vanasse had provided false testimony and on Vanasse's failure to earn the departure by aiding the government in the prosecution of others.  Vanasse failed to present evidence that he provided any substantial assistance to the government warranting a downward departure.

VII.

For the foregoing reasons, we will affirm the judgment of the District Court.

_____

TO THE CLERK:

        Please file the foregoing opinion.


        _____
        Circuit Judge        UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT



            NO. 01-3717



            UNITED STATES OF AMERICA

                    v.

            MICHAEL VANASSE,
                    Appellant




        On Appeal from the United States District Court
            for the Eastern District of Pennsylvania
                (D.C. Crim. No. 91-cr-00063-19)
            District Judge:  Hon. Bruce W. Kauffman


        Before:  SLOVITER, RENDELL and FUENTES, Circuit Judges


                JUDGMENT

This cause came on to be heard on the record from the United States District Court for the Eastern District of Pennsylvania and was submitted pursuant to Third Circuit LAR 34.1(a) on September 9, 2002.

On consideration whereof, it is now here ORDERED AND ADJUDGED by this Court that the judgment of conviction and sentence of the said District Court entered October 3, 2001, be, and the same is, hereby affirmed. All of the above in accordance with th

ATTEST:



Acting Clerk

Dated:___September 27, 2002_____