

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-7-2006

# Reedy v. Collingswood

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3490

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Reedy v. Collingswood" (2006). *2006 Decisions.* Paper 236.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/236

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-3490
_____

GAYLE REEDY, BETH BURNS, KATHERINE SORG, ELENA R. FLYNN,
MAURICE CORNELIS, KATHY CORNELIS, BARBARA N. FURMAN,
RICHARD JAMES, SANDRA McCAUSLAND, ELOLA SOKOLOFF,
MARCIA SHAPIRO, RAYMOND L. VILLANO,

Appellants,

v.

BOROUGH OF COLLINGSWOOD.
_____

On Appeal From the United States District Court
for the District of New Jersey
(No. 04-cv-04079)
District Judge:  Honorable Jerome B. Simandle

Submitted Under Third Circuit LAR 34.1(a)
September 26, 2006

Before:  RENDELL, CHAGARES and ROTH, *Circuit Judges*.

(Filed: November 7, 2006)
_____

OPINION OF THE COURT
_____

CHAGARES, *Circuit Judge*.

In this appeal we consider whether the District Court abused its discretion in denying preliminary injunctive relief to plaintiffs-appellants Gayle Reedy, Beth Burns, Katherine Sorg, Elena R. Flynn, Maurice Cornelis, Kathy Cornelis, Barbara N. Furman, Richard James, Sandra McCausland, Elola Sokoloff, and Marcia Shapiro (collectively "plaintiffs") in favor of the defendant-appellee Borough of Collingswood, New Jersey (the "Borough"). We will affirm.

I.

Because we write solely for the benefit of the parties, we recite only those facts necessary to decide this appeal.[1]

Plaintiffs are the owners of owner-occupied duplex properties[2] located in the Borough. Plaintiffs claim to be doubly aggrieved by certain actions undertaken by the Borough vis à vis their duplexes. First, plaintiffs claim that the Borough's Property Maintenance Code ("PMC") § 227-2 violates their rights to procedural due process. In enacting the PMC, which requires plaintiffs to meet certain aesthetic and safety standards

_____

[1] The District Court had jurisdiction over plaintiffs' federal constitutional and pendent state law claims pursuant to 28 U.S.C. §§ 1331, 1343(3), 1367. We have jurisdiction under 28 U.S.C. § 1292(a)(1) ("the courts of appeals shall have jurisdiction of appeals from: (1) Interlocutory orders of the district courts of the United States . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions").

[2] Each duplex property has two separate living quarters, one occupied by an owner (and plaintiff in this action) and the other occupied by a tenant.

2

in maintaining their rental properties and to submit to regular inspections in furtherance thereof, the Borough adopted some provisions of a model code known as the BOCA National Property Maintenance Code, but specifically excluded the model code's provisions for appeal and review of code enforcement actions. Therefore, if an inspection leads to a Notice of Violations and Order to Correct ("Notice"), the duplex owner faces a Hobson's choice: either cure the cited code violation or do nothing and wait until the Borough takes further action. The latter course, however, could result in the receipt of a summons and complaint requiring an appearance before the Collingswood Municipal Court. If convicted of violating the PMC, a duplex owner risks incurring large fines and incarceration for up to ninety days in county jail.

Although plaintiffs are all duplex owners, the record reflects that only plaintiff Elena R. Flynn ("Flynn") received a Notice.[3] The inspection of Flynn's property revealed, *inter alia*, that portions of the duplex and the garage needed to be painted, the

---

[3] The record indicates that a Frances Morris also received a Notice, but Morris is not a Plaintiff in this action. During the inspection of her property, Morris informed the inspector that she had already contracted with a painter to perform exterior painting and was waiting for him to begin work. She was cited nonetheless.

The record reflects that other unnamed persons were also cited for violations and that their respective failures to cure resulted in court proceedings. John Amet, the Collingswood Fire Chief, stated that "[o]n at least four separate occasions, the Collingswood Municipal Court judge has disagreed with and dismissed my notice of violation complaints which I filed as a result of property maintenance code inspections. I am aware that the municipal court has disagreed with other inspectors and found against them in municipal court proceedings." Appendix 194 (Certification of John Amet ¶ 6).

3

chimney needed repointing, weeds and grass in the backyard required maintenance, and garbage located in back of the garage had to be removed. Flynn chose to undergo the necessary repairs after unsuccessfully attempting to appeal the Notice.

Second and apart from the PMC, plaintiffs assert that, in enacting certain zoning amendments, the Borough rendered duplexes non-conforming uses while it continued to permit other types of multi-family dwellings, such as garden apartments and mid- and high-rise apartments, as well as single family homes, bed-and-breakfast facilities, and funeral homes. Plaintiffs claim that this differing treatment violates their rights to substantive due process and equal protection. Plaintiffs acknowledge that their duplexes qualify as pre-existing uses.

Plaintiffs filed an eight-count Complaint seeking monetary damages and injunctive relief. In Count One, plaintiffs allege that, by failing to provide for an appeals process within the PMC, and consequently a reasonable opportunity to be heard, the Borough violated their rights of procedural due process and equal protection under the Fifth and Fourteenth Amendments. In Count Two, plaintiffs claim the Borough's differing treatment of duplexes as non-conforming uses is without legitimate rational basis and violates their substantive due process and equal protection rights. Count Three alleges that the Borough employed improperly trained Collingswood firemen to conduct the inspections and to enforce the ordinances. Count Four alleges that the Borough selectively enforced the PMC and formulated policies and practices intended to harass

4

plaintiffs into abandoning their properties. In Count Five, plaintiffs allege that the inspection process violated their rights to be free from unreasonable searches. In Count Six, plaintiffs allege violations of their rights to free speech claiming that the Borough retaliated against them for speaking out on matters of public concern. Count Seven alleges that by subjecting the duplexes to regulation, registration and inspection as a rental unit, the Borough has impaired the plaintiffs' rights to define their families. Finally, in Count Eight, plaintiffs allege that the ordinances pertaining to inspection and regulation of their properties were invalid exercises of municipal authority under the New Jersey Constitution.

On September 14, 2004, the District Court entered an Order to Show Cause in response to plaintiffs' application for a preliminary injunction. Plaintiffs sought to enjoin the Borough from utilizing the PMC without the addition of the model code's appeal and review procedures and to require the Borough to provide said appeals process. Additionally, plaintiffs sought to enjoin the Borough from treating duplexes as nonconforming uses within its zoning ordinance. In response, the Borough cross-moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

By Order dated June 22, 2005, the District Court granted in part the Borough's motion to dismiss and denied plaintiffs' application for a preliminary injunction. Specifically, the District Court dismissed Counts Two, Three, Four, Five, Six, Seven and Eight. As for Count One, the District Court held that plaintiffs' due process claim

5

survived the Borough's motion to dismiss.  On July 18, 2005, plaintiffs timely filed a Notice of Appeal.

## II.

The District Court's dismissal in part of plaintiffs' constitutional and state law claims embodied in Counts Two through Eight does not constitute a final judgment. Despite plaintiffs' inclusion of these claims in the Notice of Appeal, the finality doctrine precludes appellate review of the District Court's order dismissing these claims since proceedings related to Count One of the Complaint are ongoing.  See 28 U.S.C. § 1291; Drinkwater v. Union Carbide Corp., 904 F.2d 853, 858 (3d Cir. 1990).  Although we will not consider the merits of plaintiffs' substantive claims on appeal, our review of the denial of injunctive relief at this juncture is appropriate.  See 28 U.S.C. § 1292(a).

A denial of a preliminary injunction is reviewed to determine whether there has been an abuse of discretion, an error of law, or a clear mistake on the facts.  Shire US Inc. v. Barr Labs., Inc., 329 F.3d 348, 352 (3d Cir. 2003).  Legal conclusions are reviewed *de novo*.  Id.  Factual determinations made as a prerequisite to the issuance of an injunction are reviewed under the clearly erroneous standard, and are upheld unless a finding of fact "'is completely devoid of a credible evidentiary basis or bears no rational relationship to the supporting data.'"  Id. (quoting American Home Prods. Corp. v. Barr Labs., Inc., 834 F.2d 368, 371 (3d Cir. 1987)).  "An abuse of discretion is a clear error of judgment and not simply a different result which can arguably be obtained when applying the law to the

6

facts of the case." Hohe v. Casey, 868 F.2d 69, 70 (3d Cir. 1989) (quotation omitted).

## III.

Preliminary injunctive relief is "an extraordinary remedy, which should be granted only in limited circumstances." Frank's GMC Truck Center, Inc. v. General Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988). A preliminary injunction is warranted when the movant demonstrates each of the following four elements: (1) a likelihood of success on the merits; (2) irreparable injury if relief is not granted; (3) no greater harm to the nonmoving party from the relief sought; and (4) that the public interest favors such relief. Morton v. Beyer, 822 F.2d 364, 367 (3d Cir. 1987).

Plaintiffs seek to restrain the Borough from engaging in maintenance inspections under the PMC unless and until it adopts the model code's procedures for appeal and review of code violations. The District Court concluded, however, that plaintiffs failed to show the irreparable harm necessary to warrant such injunctive relief, reasoning that none of the plaintiffs have received municipal court summonses or complaints or have incurred fines or faced incarceration as a result of the inspection process.

The irreparable harm element requires a "clear showing of immediate irreparable injury." Hohe, 868 F.2d at 72 (emphasis added) (quoting ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987)). We agree with the District Court that plaintiffs have failed to demonstrate the requisite immediacy as none of the plaintiffs are presently confronted with the imposition of penalties pursuant to the inspection process. In the

7

event that any plaintiff is faced with fines or incarceration in the future, he or she may renew a request for preliminary injunction at that time.

Plaintiffs also argue on appeal that they have sustained irreparable financial damage because, facing the threat of criminal prosecution, they made repairs to their properties which may not have been necessary given a review by a board of appeals. They argue that this out-of-pocket loss is a special circumstance which supports the grant of a preliminary injunction. We disagree.

We have noted that "[t]he irreparable harm requirement is met if a plaintiff demonstrates a significant risk that he or she will experience harm that cannot adequately be compensated after the fact by monetary damages. This is not an easy burden." Adams v. Freedom Forge Corp., 204 F.3d 475, 484-85 (3d Cir. 2000) (citations omitted). Here, plaintiffs can pursue their challenge to the constitutionality of the ordinance and seek damages for their allegedly unnecessary repairs through Count One of their Complaint, which the District Court left intact. Plaintiffs' financial losses can therefore be rectified by an award of monetary damages if they prevail at trial. See Morton v. Beyer, 822 F.2d at 372 ("The claimed injury testified to . . . is purely economic in nature and thus compensable in money. [While] [t]his Court has recognized that the fact that the payment of monies is involved does not automatically preclude a finding of irreparable injury[,] we have emphasized that the injury must be of a peculiar nature, so that compensation in money cannot atone for it."); In re Arthur Treacher's Franchisee Litigation, 689 F.2d

8

1137, 1145 (3d Cir. 1982) (noting that "we have never upheld an injunction where the claimed injury constituted a loss of money, a loss capable of recoupment in a proper action at law").

Accordingly, we conclude that the District Court did not abuse its discretion in denying preliminary injunctive relief.

VI.

Plaintiffs additionally seek to enjoin the Borough from treating duplexes as nonconforming uses. In Count Two, plaintiffs allege that the Borough acted in an arbitrary and capricious manner in enacting the ordinance which treats duplexes as nonconforming uses, thereby depriving plaintiffs of substantive due process and equal protection of the law. Plaintiffs do not allege that as landlords they have a fundamental interest in conducting their businesses or that they fall within a constitutionally suspect class.

To warrant injunctive relief based on Count Two, plaintiffs bear the burden to demonstrate a likelihood of success on the merits, which here entails a showing that the ordinance is arbitrary and unreasonable, and bears no rational relationship to a legitimate state interest. See Village of Belle Terre v. Boraas, 416 U.S. 1, 8 (1974); Doe v. City of Butler, Pennsylvania, 892 F.2d 315, 318 (3d Cir. 1989). It is well-established that "federal courts accord substantial deference to local government in setting land use policy, and that only where a local government's distinction between similarly situated

9

uses is not rationally related to a legitimate state goal, or where the goal itself is not legitimate, will a federal court upset a local government's land use policy determination." Congregation Kol Ami v. Abington Township, 309 F.3d 120, 125 (3d Cir. 2002).

In dismissing Count Two, the District Court considered the Borough's stated reasons for treating duplexes differently from other forms of residential uses. Those reasons are: (1) multi-family dwellings cause a more dense population; (2) single family homes promote more of a community feeling; (3) single family homes reduce traffic congestion; and (4) duplexes historically have fallen into a greater state of disrepair through the passage of time. The District Court concluded that the above-stated governmental interests were legitimate and rationally related to the zoning ordinance.

Controlling population density, traffic congestion and blight associated with housing deterioration are legitimate governmental goals. See Village of Belle Terre, 416 U.S. at 9 ("A quiet place where yards are wide, people are few, and motor vehicles are restricted are legitimate guidelines in a land-use project addressed to family needs. This goal is a permissible one . . . . The police power is not confined to elimination of filth, stench, and unhealthy places."); Doe v. City of Butler, Pennsylvania, 892 F.2d 315, 320 (3d Cir. 1989). Because we agree with the District Court that plaintiffs cannot demonstrate a likelihood of success on the merits of their equal protection and due process challenges to the zoning ordinance, we conclude that the District Court did not abuse its discretion in denying plaintiffs' preliminary injunction.

In addition, inasmuch as plaintiffs' duplexes are valid, pre-existing non-conforming uses, they are protected by New Jersey's Municipal Land Use Law ("MLUL"), N.J. Stat. Ann. § 40:55D-68 which states, "Any nonconforming use or structure existing at the time of the passage of an ordinance may be continued upon the lot or in the structure so occupied and any such structure may be restored or repaired in the event of partial destruction thereof."  The MLUL "permits a use to continue indefinitely after it has been rendered nonconforming by a zoning amendment."  Do-Wop Corp. v. City of Rahway, 168 N.J. 191, 198 (2001).  Because the Borough has not taken any adverse action against plaintiffs with respect to the use of their properties as duplexes, we further conclude that plaintiffs have failed to establish the irreparable harm necessary to support a preliminary injunction.

IV.

Accordingly, we will affirm the District Court's Order of June 22, 2005 denying the preliminary injunction.