**UNITED STATES of America**

v.

**Gerald CROOKS, Appellant.**

No. 08–4527.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) June 1, 2009.

Filed: July 15, 2009.

---

Iiana H. Eisenstein, Esq., Office of United States Attorney, Wilmington, DE, for Appellee.

Edson A. Bostic, Esq., Tieffa N. Harper, Esq., Eleni Kousoulis, Esq., Office of Federal Public Defender, Wilmington, DE, for Appellant.

Before: FISHER and CHAGARES, Circuit Judges, and DIAMOND *, District Judge.

## OPINION OF THE COURT

CHAGARES, Circuit Judge.

Gerald Crooks appeals the District Court's denial of his suppression motion, arguing that the District Court erred in concluding that a law enforcement officer had reasonable suspicion to conduct a traffic stop of Crooks's vehicle. We disagree and will affirm the judgment of the District Court.

### I.

Because we write solely for the benefit of the parties, we will only briefly summarize the essential facts.

On November 13, 2007, Officer Justin Breslin observed a Buick vehicle with a temporary registration tag, which bore an expiration date of November 15, 2007.[1] Breslin chose not to rely on the date displayed on the temporary tag to determine whether the tag was valid because, based on his experience as a patrol officer, people often alter tag dates insofar as they are handwritten. Instead, Breslin ran the tag number through the Criminal Justice

---

* Honorable Paul S. Diamond, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

1. The vehicle was purchased by Crooks's girlfriend on August 16, 2007. It initially had a temporary registration tag that was valid from August 17, 2007 to October 16, 2007, but Crooks's girlfriend had to renew the temporary tag because her Pennsylvania permanent tags were not ready. The expiration date on the new temporary registration tag was November 15, 2007, and that was the tag displayed on the vehicle when Breslin made the traffic stop.

Information System ("CJIS"). Breslin testified that the CJIS reported that the vehicle's temporary registration tag number expired on October 16, 2007.

Based on the CJIS report, Breslin stopped Crooks's vehicle and asked Crooks for his driver's license, registration and proof of insurance. Breslin discovered that Crooks did not have a valid license and had three outstanding capiases. Breslin then placed Crooks under arrest. A subsequent search of the vehicle revealed a loaded firearm and ammunition, along with approximately two ounces of marijuana.

On January 22, 2008, Crooks was indicted on one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). On March 10, 2008, Crooks filed a Motion to Suppress Physical Evidence and Statements. The District Court conducted an evidentiary hearing on April 3, 2008. Breslin testified that in preparing for the hearing, he learned that the CJIS had been mistaken about the validity of the registration of Crooks's car. The temporary registration had in fact expired on November 15, 2007, meaning that the registration was actually valid at the time of the November 13, 2007 traffic stop. Breslin emphasized, however, that at the time of the traffic stop, he did not know that the CJIS information was inaccurate. He was aware, however, that the CJIS is not accurate all of the time.

The District Court denied Crooks's motion to suppress on April 29, 2008, 2008 WL 1908852. In its memorandum opinion, the District Court credited Breslin's account of the traffic stop, and found that there was reasonable suspicion for the stop. On June 24, 2008, Crooks entered a conditional guilty plea to being a felon in possession of a firearm. As part of the plea, Crooks reserved the right to take an appeal from the judgment on the issue of the denial of his motion to suppress evidence and statements. On November 10, 2008, the District Court sentenced Crooks to 21 months of imprisonment and 3 years of supervised release.

Crooks filed a timely notice of appeal, challenging whether there was reasonable suspicion for the initial stop of the vehicle.[2]

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

We review the District Court's denial of a motion to suppress "for clear error as to the underlying factual findings" and exercise "plenary review of the District Court's application of the law to those facts." *United States v. Perez,* 280 F.3d 318, 336 (3d Cir.2002). "Under the clearly erroneous standard, a finding of fact may be reversed only if it is completely devoid of a credible evidentiary basis or bears no rational relationship to the supporting data." *Am. Home Prods. Corp. v. Barr Labs., Inc.,* 834 F.2d 368, 370–71 (3d Cir.1987).

## III.

Crooks asserts that Breslin lacked reasonable suspicion to conduct the initial traffic stop because the evidence in this case contradicts Breslin's uncorroborated testimony that the CJIS had inaccurately reported the wrong expiration on the day of the traffic stop. In reviewing the District Court's determination that the traffic stop was reasonable, we "look to whether specific, articulable facts produced by the officer would support a reasonable suspicion of a traffic infraction." *United States*

---

**2.** Because Crooks does not challenge the validity of subsequent investigative activities before this Court, we do not address these issues.

*v. Delfin–Colina*, 464 F.3d 392, 398 (3d Cir.2006). Reasonable suspicion " 'requires a showing considerably less than preponderance of the evidence,' " *id.* at 396 (quoting *Illinois v. Wardlow*, 528 U.S. 119, 123, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000)), "and only a 'minimal level of objective justification' is necessary" for a traffic stop, *id.* (quoting *United States v. Sokolow*, 490 U.S. 1, 7, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989)).

Moreover, a reasonable mistake of fact does not invalidate an otherwise lawful stop: "[A]n officer need not be factually accurate in her belief that a traffic law had been violated but, instead, need only produce facts establishing that she reasonably believed that a violation had taken place. Consequently, a reasonable mistake of fact 'does not violate the Fourth Amendment.' " *Id.* at 398 (quoting *United States v. Chanthasouxat*, 342 F.3d 1271, 1276 (11th Cir. 2003)); *see also Illinois v. Rodriguez*, 497 U.S. 177, 185, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990) (noting that factual determinations made by government agents need not "always be correct," but they always have to be "reasonable").

Crooks erroneously styles the central issue in this case as a legal question, claiming that there is no evidence to support Breslin's assertion that he believed Crooks was driving with an expired tag on the date of the traffic stop. We find this argument to be without merit. Breslin's testimony *is* evidence, and the District Court was entitled to find Breslin credible and to make factual findings based solely on that testimony. See, e.g. *United States v. McGlory*, 968 F.2d 309, 347 (3d Cir. 1992) ("[T]he credibility of [a witness's] statement was for the district court to determine."). Moreover, we give a district court's credibility determination substantial deference where, as here, "the district court's decision is based on testimony that is coherent and plausible, not internally inconsistent and not contradicted by external evidence." *United States v. Igbonwa*, 120 F.3d 437, 441 (3d Cir.1997) (holding that "there can almost never be a finding of clear error" under these circumstances).

The District Court credited Breslin's testimony that the CJIS indicated that Crooks's temporary tag had expired. The District Court also found that it was reasonable for Breslin to rely on the CJIS information rather than the handwritten expiration date, given his experience with alterations in the physical tags. Finally, the District Court credited Breslin's assertion that he only learned that the registration information was inaccurate when he re-ran the CJIS report in preparation for the evidentiary hearing. We conclude that the District Court's findings are not clearly erroneous and that the District Court did not err in concluding that Breslin had reasonable suspicion to make the traffic stop.

For these reasons, we will affirm the District Court's judgment.