OPINION OF THE COURT

STAPLETON, Circuit Judge:
Kenneth McKoy pled guilty to possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2, and was sentenced to 188 months’ imprisonment. He now appeals his sentence. We will affirm.[1]
I.
Because we write only for the parties, we will recite only those facts necessary to our disposition. A grand jury in the Western District of Pennsylvania returned a seven-count indictment against McKoy. He thereafter entered into a plea agreement with the United States Attorney’s Office. By the terms of the agreement, McKoy would plead guilty to Count Two of the indictment, possession with intent to distribute heroin on June 1, 2005, and the government would withdraw the remaining counts and move to have the Guideline offense level reduced by 3 for acceptance of responsibility. McKoy also agreed to waive his right to appeal absent specific circumstances. The parties agreed that the amount of heroin for sentencing purposes was not less than 100 grams nor more than 400 grams under U.S.S.G. § 2D1.1, that McKoy was a career offender pursuant to U.S.S.G. § 4Bl.l(a), that the offense level was 34 pursuant to U.S.S.G. § 4Bl.l(b)(B), that the ultimate offense level was 31 and the criminal history category was VI, and that the advisory Guidelines range was 188-235 months’ imprisonment.
During the change of plea hearing on March 23, 2007, the District Court conducted a plea colloquy, during which McKoy affirmed that he was 23 years of age, had a tenth grade education, and understood the English language. The Court reviewed the various rights that McKoy was giving up by pleading guilty and what the government was required by law to prove if McKoy went to trial. The Court also explained the maximum sentence it was authorized to impose and inquired whether McKoy discussed with his attorney how the guidelines might apply to his case. The Court then asked for the government’s position as to the applicable *734 range and inquired whether McKoy understood that he had the right to appeal from any sentence imposed unless he voluntarily gave up that right. The Court noted the existence of the plea agreement and confirmed that McKoy had read and reviewed it with counsel and understood all its terms and contents. The Court then requested that the prosecutor review the substance of the agreement on the record. In describing the waiver, the prosecutor stated:
Your Honor, he waives the right to take a direct appeal from his conviction or sentence under Title 28, U.S.Code, Section 1291, or 18 U.S.Code 3742, except if the United States appeals from the sentence, then the defendant may take a direct appeal from the sentence.
If the sentence exceeds the applicable statutory limit set forth in the Code, or the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, then the defendant may take a direct appeal.
App. at 61. At the conclusion of the prosecutor’s summary, the District Court asked McKoy if he agreed that it was an accurate summary of the agreement. McKoy affirmed that it was. The Court then asked McKoy:
THE COURT: Sir, do you understand that by the plea agreement, you’re giving up your right to appeal, except as you have specifically reserved that right for the limited purpose of appealing this Court’s order denying your motion to suppress, and that you are giving up any right you may have to file a motion to vacate sentence of any other ground under Title 28, United States Code, Section 2255 for habeas corpus relief, and that you are also giving up other valuable rights to obtain collateral review of your sentence.
THE DEFENDANT: Yes.
App. at 63-64. Thereafter, McKoy pled guilty to possession with intent to distribute heroin.
McKoy filed a Statement in Mitigation of Sentence, arguing for a downward departure pursuant to U.S.S.G. § 4A1.3(b)(l), and/or a variance based on consideration of the § 3553(a) factors. The thrust of his argument was that the career offender status overstated his criminal history. On August 3, 2007, the District Court entered Tentative Findings and Rulings denying McKoy’s request for a downward departure but stating that it would entertain any other argument for a variance in consideration of the § 3553(a) factors. At the sentencing hearing on August 7, 2007, McKoy’s counsel repeated his argument and request for a departure and also for a variance. The Court sentenced McKoy to the bottom of his advisory Guideline range, 188 months. Notice of Appeal was filed the same day.
II.
McKoy argues that the District Court committed procedural error both when it refused to grant a downward departure and refused to grant a variance because it did not address counsel’s specific arguments that the criminal history was overstated. McKoy also argues that the Court imposed an unreasonable sentence. In response, the government contends that McKoy’s appellate waiver bars him from challenging his sentence on these grounds, and that, at any rate, the District Court did not commit error and the sentence was reasonable.
When the government invokes an appellate waiver and the defendant contends that the waiver does not bar his appeal, we consider whether: (1) the waiver “of the right to appeal [his] sentence was knowing and voluntary;” (2) “whether one of the specific exceptions set forth in the agreement prevents the enforcement of the *735 waiver;” and (3) “whether enforcing the waiver would work a miscarriage of justice.” United States v. Jackson, 523 F.3d 234, 243-44 (3d Cir.2008).
A. Knowing and Voluntary Waiver
In examining whether the waiver was knowing and voluntary, we scrutinize the colloquy to determine if the District Court “ ‘inform[ed] the defendant of, and determine[d] that the defendant understood] ... the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence’ as Federal Rule of Criminal Procedure ll(b)(l)(N) requires.” United States v. Mabry, 536 F.3d 231, 239 (3d Cir.2008) (brackets and ellipses in original).
McKoy argues that his appellate waiver was unknowing and involuntary because the District Court did not conduct an adequate Rule 11 colloquy. Because McKoy did not object at his plea hearing to a Rule 11 error, he must satisfy, in light of the whole record, the plain-error rule. United States v. Goodson, 544 F.3d 529, 539 (3d Cir.2008). “Plain error requires that there must be (1) error, (2) that is plain or obvious, and (3) that affects a defendant’s substantial rights.” Id. (citing Johnson v. United States, 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997)). “If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.” Id. (quoting Johnson, 520 U.S. at 467, 117 S.Ct. 1544) (internal quotation marks omitted).
In Goodson, we held that the District Court committed error when it “relied upon the prosecutor’s recitation of the terms of the appellate waiver to fulfill its obligation to inform the defendant of the specifics of the waiver provision.” 544 F.3d at 540. We further held that, although the Court did ask the defendant personally whether he understood that he had given up substantial appellate rights, it committed error because “there was no effort to verify that [the defendant) understood the breadth of the waiver or to underscore the fact that the waiver meant that, subject to three very narrow exceptions, [he] was giving up the right to appeal both the validity of his plea and the legality of his sentence.” Id.
Although here the District Court asked, and McKoy confirmed, that he understood and executed the plea agreement with his attorney, and the Court took measures to determine that McKoy understood the plea agreement and was competent, like Good-son there was no effort to verify that McKoy understood the breadth of the waiver.[2] For this reason, the Court committed plain error and McKoy has met his burden for the first two prongs of the plain-error analysis.
However, our inquiry is not limited to whether there has been a technical violation of Rule 11 which was plain error; we must determine whether the defendant has “demonstrated that the deficient colloquy affected his substantial rights by precluding him from knowing of and understanding the significance of the binding appellate waiver in the plea agreement.” 544 F.3d at 540. Goodson addressed some of *736 the considerations that inform this inquiry. In that case, the record evidence demonstrated that the defendant was college educated and was able to read the plea letter and comprehend its meaning, that the prosecutor generally discussed the terms of the appellate waiver during the change-of-plea hearing, that the defendant advised the Court that he understood that his right to appeal was substantially limited, and that the defendant had executed the acknowledgment on the final page of his plea agreement and discussed it with his counsel. Under those circumstances, we concluded that the defendant had failed to meet his burden of proving that the deficient Rule 11 colloquy affected his substantial rights. 544 F.3d at 540-41.
Here, the record demonstrates that McKoy was a 23-year-old with a tenth grade education; that he could read, write, and understand English; that the Court, with defense counsel’s agreement, found him competent; that the prosecutor discussed the terms of the appellate waiver during the change-of-plea hearing; that McKoy stated to the Court that he understood that he was giving up his right to appeal, to file a motion to vacate sentence, and to seek collateral review of his sentence; and that McKoy had executed the acknowledgment on the final page of his plea agreement and reviewed the agreement with his counsel and understood the terms and contents.
McKoy argues that his case is similar to United States v. Corso, in which we determined that the defendant’s substantial rights were affected where the District Court made no effort to determine that the defendant, whose education was limited to a GED diploma, understood the effect of his waiver on his right to appeal, or even whether he had discussed the waiver with his attorney, and the prosecutor made only a fleeting reference to “the standard language regarding waiver of appeal,” without more and the Court was completely silent on the subject. 549 F.3d 921, 930-31 (3d Cir.2008). However, the District Court here did much more than the Court in Corso to ensure that McKoy knew of and understood the significance of the binding appellate waiver. McKoy has not met his burden under the third prong of the plain-error analysis.[3]
B. Express Exceptions
None of the specific exceptions set forth in the plea agreement prevents the enforcement of the waiver here, and McKoy does not argue to the contrary.
C. Miscarriage of Justice
McKoy does contend that enforcement of his waiver in the situation before us would result in a miscarriage of justice. We do not agree.
Even if McKoy had not waived his right to pursue this appeal, we would lack jurisdiction to review the District Court’s denial of the departure. United States v. Vargas, 477 F.3d 94, 103 (3d Cir.2007). Moreover, the District Court did explain why it rejected McKoy’s contention that his offender status overstated his criminal history.[4] We believe that explanation was adequate, but even if we assume the con *737 trary, that deficiency would not be sufficient to support a manifest injustice finding. Finally, we note that having received a sentence at the bottom of the Guidelines range, McKoy is hardly in a position to argue that a failure to review its reasonableness constitutes a manifest injustice.
III.
For these reasons, we will enforce the appellate waiver and affirm the judgment of the District Court.

. The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

. It is unclear whether a district court can delegate to the prosecutor its responsibility under Rule 11 to ‘‘inform” the defendant of the terms of any plea agreement provision. See United States v. Corso, 549 F.3d 921, 929 (3d Cir.2008) (noting that Rule 11 does not permit the court to delegate its responsibilities to "inform” and “determine” to the government, but even presuming the court could rely on the government to inform the defendant, the prosecutor’s inadequate explanation was insufficient). However, even assuming here that the District Court could rely on the prosecutor's recitation of the terms, the Court failed to adequately determine that the defendant understood those terms.

. We note that the District Court misspoke regarding the reservation of the right to appeal the denial of the suppression motion, as the Plea Agreement made no such reservation. However, this does not impact our determination that the error was plain but did not impact McKoy's substantial rights.

. The District Court said inter alia:
The offenses for which you pled guilty, and then, the ones for which you've taken responsibility, are indeed serious offenses. It's clear that the prior punishment that you received has not changed your conduct. The amount of drugs that you've been dealing with and the consistency of that pattern of action over a fairly extensive period of *737 time, albeit you're still relatively young, is excessive.
So I believe this punishment is necessary. Not really ever indicated any desire in your history, as I go through the presentence report, of trying to break out of the cycle that you’ve chosen to place yourself in.
As I mentioned, I have carefully considered the arguments set forth in the motion for downward departure, and I’ve denied that motion.
I would also incorporate the reasons set forth in the Court’s rulings and findings in that regard. And quite frankly, and unfortunately, don't find it appropriate to grant a variance from those guidelines, in light of your history.
Although the prior two offenses may make the defendant a career criminal under the guidelines, are not the worst drug offenses I’ve seen, they are substantial trafficking offenses. And equally, more importantly, the offenses are not out of character for this defendant.
App. at 116-20.