**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2415
_____

UNITED STATES OF AMERICA


v.

PHI XIN,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-06-cr-00585-006)
District Judge: Hon. Joan Carr


_____

Submitted under Third Circuit LAR 34.1(a)
October 27, 2011

Before: SLOVITER, GREENAWAY, JR. and ALDISERT, Circuit Judges.

(Filed: October 28, 2011)

_____

OPINION OF THE COURT
_____

ALDISERT, Circuit Judge.

Appellant, Phi Xin, appeals from an order of the District Court of the Eastern

District of Pennsylvania, sentencing him to 72 months' imprisonment after pleading

guilty. Appellant contends that the District Court: (1) erred in denying him a minor role reduction pursuant to U.S.S.G. § 3B1.2; (2) abused its discretion by weighing the 18 U.S.C. § 3553(a) factors in a way that yielded an unreasonable sentence; and (3) failed to meaningfully consider the need to avoid the unwarranted sentence disparity pursuant to 18 U.S.C. § 3553(a)(6). Although Appellant did not discuss how the waiver of appeal he signed in his plea agreement should apply, we hold that the waiver provision in the plea agreement, to which Appellant knowingly and voluntarily agreed, is enforceable. We will therefore affirm the District Court's order.

## I.

Because we write primarily for the parties, we recount only the essential facts and procedural history. On December 27, 2007, a grand jury returned a second superseding indictment charging Phi Xin and two other individuals, William Van Nguyen and Lam Ta, with various drug trafficking offenses. Appellant was charged with one count of conspiracy to distribute MDMA ("ecstasy"), in violation of 21 U.S.C. § 846 (Count 1), and three counts of distribution of ecstasy, in violation of 21 U.S.C. § 841(a)(1) (Counts 6, 7 and 8). On January 30, 2009, Appellant pleaded guilty to all four counts pursuant to a written plea agreement with the government. Appellant's plea agreement provided:

> In exchange for the undertakings made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. This waiver is not intended to bar the assertion of constitutional claims that the relevant case law holds cannot be waived.
> a. Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of his sentence.

b. If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal but may raise only claims that:
   (1) the defendant's sentence on any count of conviction exceeds the statutory maximum for that count as set forth in paragraph 5 above;
   (2) the sentencing judge erroneously departed upward pursuant to the Sentencing Guidelines; and/or
   (3) the sentencing judge, exercising the Court's discretion pursuant to United States v. Booker, 543 U.S. 220 (2005), imposed an unreasonable sentence above the final Sentencing Guideline range determined by the Court.

Supp. App. 30-31. On April 28, 2009, the District Court imposed a within-Guidelines range sentence of 72 months' imprisonment, a term of supervised release of three years, a fine of $2,000, and a special assessment of $400. Phi Xin filed a timely appeal.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 to review the final judgment of the District Court, as well as under 18 U.S.C. § 3742(a) to review the sentence imposed on Appellant. We exercise plenary review of the legality of appellate waivers. See United States v. Khattak, 273 F.3d 557, 560 (3d Cir. 2001). We also exercise plenary review of an interpretation of the Sentencing Guidelines. See United States v. Grier, 475 F.3d 556, 570 (3d Cir. 2007) (en banc). We review the District Court's sentence itself for abuse of discretion, see Gall v. United States, 552 U.S. 38, 46 (2007), and its factual findings for clear error. See Grier, 475 F.3d at 570.

II.

Appellant does not claim that he misunderstood his waiver. Nor does he challenge the language of his plea agreement that plainly waives his ability to appeal. Appellant ignores the appellate waiver provision in his plea agreement altogether, contending merely that his sentence was procedurally flawed and substantively unreasonable. Because the record demonstrates that Phi Xin knowingly and voluntarily waived his

3

appellate rights, we will enforce the appellate waiver and decline to review Appellant's challenge to his sentence.[1]

A.

In Khattak, we held that waivers of appeal must be strictly construed but are, nonetheless, valid so long as entered into knowingly and voluntarily. Such waivers extend to meritorious claims. See 273 F.3d at 561-562; see also United States v. Lockett, 406 F.3d 207, 212-213 (3d Cir. 2005) (holding that an appellate waiver in plea agreement forecloses presentation of meritorious claim). Where a defendant has entered a knowing and voluntary waiver, we will enforce the waiver and affirm the judgment unless doing so "would work a miscarriage of justice." United States v. Gwinnett, 483 F.3d 200, 203 (3d Cir. 2007).

Although Khattak declined to provide a definitive list of situations that amount to a "miscarriage of justice," we have endorsed the approach of our sister Courts of Appeals, which suggest that only extraordinary situations suffice. See, e.g., United States

---

[1] Even if Appellant had not agreed to the appellate waiver, we would still affirm the sentence. First, a district court's factual findings are not clearly erroneous unless they are "'completely devoid of a credible evidentiary basis or bear[] no rational relationship to the supporting data.'" United States v. Haut, 107 F.3d 213, 218 (3d Cir. 1997) (quoting Am. Home Prods. Corp. v. Barr Labs., Inc., 834 F.2d 368, 370-371 (3d Cir. 1987)). Here, although the District Court recognized that Appellant was less culpable than the other participants in the Lien Dam drug organization, it noted that he had a "multifaceted" role, acting as a "customer, a courier, and a payment collector." App. 13, 22, 38. This finding was supported by the evidence. Second, a sentencing court need not make findings as to each § 3553(a) factor if the record makes clear that the court took the factors into account. See United States v. Lessner, 498 F.3d 185, 203 (3d Cir. 2007). There is no question that the District Court considered Appellant's request for leniency based upon his personal history and characteristics: the District Court questioned Appellant about his educational efforts, work history, and personal life, among other topics, during the hearing. Finally, the District Court was permitted, but not required, to equate the sentences imposed on codefendants in the same case. See United States v. Parker, 462 F.3d 273, 277 (3d Cir. 2006).

4

v. Brown, 232 F.3d 399, 403 (4th Cir. 2000) (stating there may be a miscarriage of justice if the sentence was (1) imposed in excess of the maximum penalty provided by law or (2) based on a constitutionally impermissible factor such as race); United States v. Joiner, 183 F.3d 635, 645 (7th Cir. 1999) (explaining there may be a miscarriage of justice if the plea agreement was the product of ineffective assistance of counsel). We have embraced the view that a reviewing court should evaluate appellate waivers on a case-by-case basis, considering the error claimed by the defendant and such factors as:

> [T]he clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result.

Khattack, 273 F.3d at 563 (quoting United States v. Teeter, 257 F.3d 14, 25-26 (1st Cir. 2001)).

As explained above, Appellant entered a valid guilty plea and voluntarily waived his right to appeal. Appellant contends, however, that the District Court improperly denied his request for a downward adjustment for his role in the offense. He also contends that the within-Guidelines range sentence was unreasonable because the District Court failed to give adequate weight to his background and characteristics, and because it exceeded the sentence imposed on Appellant's more culpable codefendant. Even if meritorious, none of these claims constitutes a miscarriage of justice. Enforcement of the waiver is, therefore, appropriate.

1.

Appellant's contention that the District Court erred in failing to grant a reduction cannot support a finding of a miscarriage of justice. We set a justifiably high bar for such claims, and Appellant's contentions do not come close to clearing it. See United States v.

5

<u>Corso</u>, 549 F.3d 921, 931 (3d Cir. 2008) (concluding that an erroneous application of enhancements did not constitute a miscarriage of justice). In <u>Corso</u>, we held that "procedural errors of this nature cannot justify setting aside an appellate waiver because 'allow[ing] [such] errors . . . to render a waiver unlawful would nullify the waiver based on the very sort of claim it was intended to waive.'" <u>Id.</u> (citation omitted). Indeed, we recently held that even a four-level upward enhancement for the defendant's role in the offense could not constitute a miscarriage of justice. <u>See</u> <u>United States v. Ahmad</u>, 325 Fed. App'x 149, 153 (3d Cir. 2009); <u>see also</u> <u>United States v. McKoy</u>, 350 F. App'x 732, 736-737 (3d Cir. 2009) (holding that a district court's inadequate explanation for rejecting a defendant's proposed alternative criminal status was not a miscarriage of justice). Simply put, Appellant's contention that the District Court erred in failing to grant a reduction does not constitute a miscarriage of justice. <u>See</u> <u>United States v. Cassese</u>, 337 Fed. App'x 201, 207 (3d Cir. 2009) (holding that an allegation that a within-Guidelines range sentence was procedurally deficient could not constitute a miscarriage of justice).

2.

Appellant's second contention that the within-Guidelines range sentence was unreasonable is also insufficient to support a finding of manifest injustice. The Supreme Court has held that an appellate court may presume that a within-Guidelines sentence is reasonable. <u>See</u> <u>Rita v. United States</u>, 551 U.S. 338, 347 (2007). Because such a sentence is presumptively reasonable, therefore, it is logically inconceivable that such a sentence could constitute a miscarriage of justice. We suggested as much in <u>United States v. Jackson</u>, 523 F.3d 234, 234-244 (3d Cir. 2008). In <u>Jackson</u>, a defendant who had signed an appellate waiver sought to challenge only the reasonableness of his sentence. We

6

concluded that the "case obviously [did] not present the 'unusual circumstances' we contemplated in <u>Khattak</u>." <u>Id.</u> at 244. We emphasized that "it will be a rare and unusual situation when claims of an unreasonable sentence, standing alone, will be sufficient to invalidate a waiver because of a miscarriage of justice." <u>Id.</u> No such rare and unusual situation is presented here, because the District Court ordered a within-Guidelines range sentence. <u>See</u> <u>Gwinnett</u>, 483 F.3d at 205-206 (affirming a judgment in which the defendant entered a knowing and voluntary waiver, yet presented a challenge to the reasonableness of her sentence). In short, there has been no miscarriage of justice. We will, therefore, "apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines," <u>Rita</u>, 551 U.S. at 347, and enforce Appellant's knowing and voluntary waiver of his appellate rights.

B.

Having established that there has not been a miscarriage of justice, we decline to review Appellant's challenge to his sentence itself, because none of the exceptions to the appellate waiver apply. The government did not appeal the sentence. The sentence imposed by the District Court was below the statutory maximum. The District Court did not depart upward under the Guidelines, and the sentence imposed was within the Guidelines range determined by the court. Although Appellant contends that the District Court erred in denying his request for a downward adjustment under U.S.S.G. § 3B1.2, this claim involves the applicability of a Guidelines enhancement—not a departure or a variance—and is thus foreclosed from our review. <u>See</u> <u>United States v. Shedrick</u>, 493 F.3d 292, 298 n.5 (3d Cir. 2007). The Court in <u>Shedrick</u> explained:

> An 'enhancement' is an adjustment to the base offense level as specifically provided by the Guidelines, whereas an 'upward departure' is a discretionary adjustment to the Guidelines range once calculated. . . . While [the defendant] has a right to appeal the District Court's upward

7

> departure under his plea waiver, the literal words of that waiver make clear that he has no concomitant right to appeal the enhancement.

Id. Appellant's claim, thus, does not fall within the limited exceptions stated in the waiver and does not trigger the right to appellate review. Phi Xin's sentence, therefore, will be affirmed.

*****

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary. The judgment of the District Court will be AFFIRMED.